LYONS, President,
delivered the resolution of the court, as follows:
The rules respecting bills of review are clear; and it has long been settled, that a bill of that kind can only be brought upon two grounds, 1. Error, in law, appearing upon the body of the decree. 2. The dis *1079 covery of new matter, which could not, in consequence of the party’s ignorance that it existed, have been used at the time of making the decree; and this should be verified by the oath of the plaintiff.
Neither of these apply to the present case.
Not the first, because no error in law appears in the body of the decree; for, as no d<scount of the interest during the war was claimed in the court of chancery, nor any exception filed to the commissioner’s report upon that ground, the chancellor was not under any obligation to allow the defendant what he did not ask for.
Not the second, because no new fact is alleged to have been discovered. Por the war interest was a question with *which the plaintiff in the bill of review was fully acquainted at the time; and, although the bill states that his counsel omitted to claim it through mistake, that can be no reason for a re-examination of the cause, as it is not suggested that there was any thing which occasioned the mistake.
There is no ground for treating this as a cross bill; for it was exhibited as a bill of review; and has the form, structure and prayer of all other bills of review.
But the case it makes is no more than this, that the plaintiff, with a full knowledge of the supposed right, omitted to have it insisted upon at the first hearing; and then, after the interlocutory decree has been affirmed here, comes to the court of chancery to have his omission corrected, without the suggestion of any new fact to warrant it. Such a practice would be productive of very great inconveniences; and ought not to be tolerated.
The court is, therefore, unanimously of opinion, that the chancellor did right in dismissing the bill; and that the decree ought to be affirmed.